IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FIRST FAMILY FINANCIAL SERVICES and
ASSOCIATES FIRST CAPITAL CORPORATION,        PLAINTIFFS,

VS.                                                       CIVIL ACTION NO. 2:04CV127-P-A

CHARLOTTE FURR,                                                    DEFENDANT.

## ORDER

This matter comes before the court upon Defendant's Motion to Dismiss [4-1]. Upon due consideration of the motion and the responses filed thereto the court finds as follows, to-wit:

The motion is not well-taken and should be denied.

The plaintiffs' right to file the instant petition to compel arbitration pursuant to the Federal Arbitration Act has not been waived because, viewed in light of the "strong presumption against finding a waiver of arbitration" pursuant to *Republic Insurance Company v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004), the removal of the underlying case of *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number 2:03cv108-P-A and the remand-related activities do not constitute substantial invocation of the judicial process by the plaintiffs to justify a waiver. *See Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995).

The defendants also argue that rather than filing the instant petition with this court, the petitioners should have asserted their arbitration claims as compulsory counterclaims in the underlying action. This argument is unavailing since such a practice would result in the practical invalidation of the Federal Arbitration Act, 9 U.S.C. § 4 by Rule 13. The defendants have cited

1

no authority for this proposition.

Thus leaves the first-to-file rule which holds that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Because both the underlying *Selmon* case and the instant case are pending before the undersigned, the first-to-file rule in inapplicable given the absence of two cases pending before two federal courts.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [4-1] is hereby **DENIED**.

**SO ORDERED** this the 18th day of July, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE