IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FIRST FAMILY FINANCIAL SERVICES and
ASSOCIATES FIRST CAPITAL CORPORATION,                    PLAINTIFFS,

VS.                                                CIVIL ACTION NO. 2:04CV127-P-A

CHARLOTTE FURR,                                                      DEFENDANT.

MEMORANDUM OPINION

This matter comes before the court upon Plaintiffs First Family Financial Services, Inc. and Associates First Capital Corporation's Motion for Summary Judgment [8-1]. Upon due consideration of the motion, the court is prepared to rule.

The plaintiffs in the present case are among the defendants in the underlying case *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number 2:03CV108-P-A. These cases are intimately related though they have not been consolidated.

*Selmon* involves eighteen plaintiffs, including Charlotte Furr, suing various finance companies and insurance companies for alleged predatory lending practices. After *Selmon* was filed, the finance companies filed the instant petition to compel arbitration of Furr claims against them. The finance companies, First Family and Associates First Capital, submit that Furr signed an arbitration agreement which clearly covers her claims against both of them.

In response, Moore filed a motion to dismiss the petition to compel arbitration, arguing waiver, failure to add a compulsory claim, and the first-to-file rule. On this day, the court denied this motion to dismiss. This leaves the instant motion filed by First Family and Associates First Capital, seeking summary judgment that Furr's claims against them are subject to the arbitration

1

agreement she signed and that their claims in the underlying *Selmon* action should be stayed until arbitration is complete.

In opposition to summary judgment, Furr has filed no response.

There is no dispute that Furr signed the subject arbitration agreement. It is also undisputed that the language of the arbitration agreements covers the scope of her claims levied in *Selmon* against First Family and Associates First Capital.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract she signs, whether she reads it or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with

knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

## **CONCLUSION**

The court concludes that there is no need to delay decision upon the instant motion for summary judgment. It is evident that Furr signed the arbitration agreement, that the agreement involved interstate commerce, and that the agreement covers Furr's underlying claims in *Selmon* against First Family and Associates First Capital. It is equally clear that Furr has submitted no evidence or binding legal authority to create a genuine issue of material fact to defeat summary judgment. Therefore, Plaintiffs First Family Financial Services, Inc. and Associates First Capital Corporation's Motion for Summary Judgment [8-1] should be granted.

Furthermore, the court concludes that Furr's claims against First Family and Associates First Capital in *Selmon* should be dismissed without prejudice rather than stayed pursuant to Section 3 of the FAA. This is because section 3 does not limit dismissal of a case in the proper circumstances; if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). In the instant case, it is readily apparent that all of Furr's claims against First Family and Associates First Capital are arbitrable; therefore, it is in the interests of judicial economy to simply dismiss those claims

without prejudice rather than stay them pending the completion of arbitration.

Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 18, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE